## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN KING<br>4017 WAHLER CT, S.E.<br>WASHINGTON, DC 20032<br><br>AND<br><br>SAMPSON LARCHE<br>11362 BAROQUE ROAD<br>SILVER SPRINGS, MD 20901<br><br>INDIVIDUALLY AND ON BEHALF OF ALL<br>OTHERS SIMILARLY SITUATED,<br><br>          *Plaintiffs*,<br><br>v.<br><br>ARES GROUP INCORPORATED<br>8625 ENGLESIDE OFFICE PARK<br>ALEXANDRIA, VA 22309<br><br>          *Defendant*. | CIVIL ACTION NO. _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because claims under Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b) and Section 501(e)(1) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(e)(1) are alleged.

2. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law overtime claims, because those claims derive from a common nucleus of operative fact.

3.      This Court can issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      This Court has personal jurisdiction over Ares Group Incorporated (Ares) because it does business in this district and because many of the acts complained of occurred in this District and gave rise to claims alleged.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Ares resides in this district and because a substantial part of the events giving rise to the claims occurred in this District.  Further, Plaintiff Lavern King (King) is a resident of this District.

## SUMMARY

5.      Ares pays certain non-exempt employees the same hourly rate for all hours worked, including those over forty in a workweek.  This policy of paying "straight time for overtime" violates federal and state law.  In addition, Ares fails to credit these employees with the correct amount of compensation for the purposes of determining their benefits under Ares' ERISA plan or plans.  Accordingly, Plaintiffs Lavern King and Sampson Larche bring this class action and collective action complaint for monetary, declaratory and injunctive relief.

## THE PARTIES

6.      Ares is a corporation headquartered in Alexandria, Virginia.  Ares is a covered "employer" within the terms of the FLSA and Maryland Labor & Employment Code Ann. § 3-401(b).  Ares has acted, directly or indirectly, in the interest of an employer with respect to the plaintiffs and the proposed class members.  Further, Ares is an enterprise engaged in commerce within the meaning of the FLSA.  Ares may be served via its Resident Agent, William Moore, at 2578 Pheasant Hunt Rd, Woodbridge, VA, or wherever he may be found.

7.      Upon information and belief, Ares is the plan sponsor of an employee benefit plan or plans - including a Health & Welfare Plan and/or a Pension Plan - within the meaning of ERISA

§ 3(16)(B), 29 U.S.C. § 1002(21)(A).  On information and belief, Ares has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the plan or plans, thereby making it a fiduciary of each of those plans within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

8. Plaintiff Lavern King (King) is an hourly-paid Lieutenant who has worked for Ares since early 2003.

9. Plaintiff Sampson Larche (Larche) was an hourly-paid Sergeant employed by Ares from early 2003 to early 2006.

10. King and Larche are referred to collectively as the "Named Plaintiffs" or "Plaintiffs."

### THE CLASSES

11. This is a nationwide collective action under the FLSA brought on behalf of all hourly paid Lieutenants and Sergeants employed by Ares (the "FLSA Class") within the three years prior to the filing of this lawsuit (the "FLSA Class Period").  The Named Plaintiffs and the members of the FLSA Class are similarly situated because they performed similar job duties and were paid in a similar fashion.  Further, the Named Plaintiffs and the FLSA Class were all subject to the same "straight time for overtime" policy implemented by Ares.

12. In addition, this is a nationwide class action under ERISA brought on behalf of all of all hourly paid Lieutenants and Sergeants employed by Ares within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be covered by the Ares Health & Welfare and/or Pension plans ("the ERISA Plan(s)") (hereinafter "the ERISA Class").

13. In addition, this is class action under Maryland state law brought on behalf of all hourly paid Lieutenants and Sergeants employed by Ares in Maryland (the "Maryland Subclass") within the three years prior to the filing of this lawsuit.

## THE FACTS

14. Ares provides armed and unarmed security guard services to the federal government and other entities. Ares employs over 800 security professional and operates in at least seven states across the nation.

15. As part of its more than 800 employee workforce, Ares employed the Named Plaintiffs and the FLSA Class.

16. During the FLSA Class Period, the Named Plaintiffs and the FLSA Class were paid by the hour.

17. During the FLSA Class Period, the Named Plaintiffs and the FLSA Class worked more than forty hours in a workweek.

18. During the FLSA Class Period, Ares kept records of the hours worked by the Named Plaintiffs and the FLSA Class. Therefore, Ares was aware that the Named Plaintiffs and the FLSA Class worked more than forty hours in a workweek.

19. For example, on more than a dozen occasions within the FLSA Class Period, King worked more than 120 hours in a two-week period. Similarly, on more than a dozen occasions within the FLSA Class Period, Larche worked more than 120 hours in a two-week period.

20.     Ares agreed to pay its employees overtime in accordance with state and federal law. However, the Named Plaintiffs and the FLSA Class were not paid at time and a half for hours worked in excess of forty. Instead, the Named Plaintiffs and the FLSA Class received the same hourly rate for all hours worked - including those over forty in a workweek.

21.     In addition to their hourly rate of pay, King and the ERISA Class received contributions to a Health & Welfare Plan sponsored by Ares. The contributions to this Health & Welfare were based at least in part on the amount of compensation earned by King and the ERISA Class.

22.     In addition to their hourly rate of pay, King and the ERISA Class received contributions to a Pension Plan sponsored by Ares. The contributions to this Pension were based at least in part on the amount of compensation earned by the Named Plaintiffs and the ERISA Class.

23.     Although Ares records the hours worked by the Named Plaintiffs and the ERISA Class, Ares fails to record and/or credit the overtime hours worked at the appropriate rates for the purposes of determining the contributions made for and/or the plan benefits owed to King and the ERISA Class.

**COLLECTIVE ACTION ALLEGATIONS**

24.     The Named Plaintiffs and FLSA Class are similarly situated, have substantially similar job requirements and pay provisions and/or are subject to Ares' common practice, policy, or plan of paying "straight time for overtime" in violation of the FLSA.

25.     Therefore, the First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the Named Plaintiffs are similarly situated to the FLSA Class.

26. The names and addresses of the FLSA Class are available from Ares, and notice should be provided to the FLSA Class via first class mail to the last address known to their employer as soon as possible.

**CLASS ACTION ALLEGATIONS**

**A.   Nationwide ERISA Class Action.**

27. King brings the Second and Third Claims for Relief for violations of ERISA as a nationwide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) as a representative of a proposed ERISA Class. The ERISA Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the Class period, Defendant employed over 100 persons who satisfy the definition of the ERISA Class.

28. Questions of law and fact common to the ERISA Class as a whole include, but are not limited to, the following:

a) Whether Ares failed and continues to fail to maintain accurate records of the wages actually earned by the King and the ERISA Class;

b) Whether Defendant failed and continues to fail to provide accurate wage statements itemizing all actual wages earned by King and the ERISA Class;

c) Whether Ares has violated and continues to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

d) Whether Ares credited King and the ERISA Class with all Eligible Compensation which they were paid or entitled to be paid for purposes of the Health & Savings Plan, as required by ERISA;

  e) Whether Ares credited King and the ERISA Class with all Pensionable Pay for which they were paid or entitled to be paid for purposes of the Ares Pension Plan, as required by ERISA;

  f) Whether Ares violated ERISA's fiduciary standards by its failure to credit King and the ERISA Class with all Eligible Compensation which they were paid or entitled to be paid for purposes of the Health & Savings Plan, as required by ERISA; and

  g) Whether Ares violated ERISA's fiduciary standards by its failure to credit King and the ERISA Class with all Pensionable Pay for which they were paid or entitled to be paid for purposes of the Ares Pension Plan, as required by ERISA.

29. King's claims are typical of those of the ERISA Class. King, like all other ERISA Class members, was subject to Defendant's policy and/or practice failing to credit all overtime compensation earned or owning as eligible compensation under the Health & Savings Plan or as pensionable pay under the Ares Pension Plan. King will fairly and adequately represent and protect the interests of the ERISA Class.

30. King has retained counsel competent and experienced in class actions and ERISA.

31. Class certification of the First and Second Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Ares acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the ERISA Class as a whole. King intends to send notice to all members of the ERISA Class to the extent required by Rule 23 at the time permitted by the Court

**B.     Maryland State Law Subclass.**

32.     King brings the Fourth and Fifth Claims for Relief for violations of Maryland state law as a statewide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1), (b)(2) and/or (b)(3) as representatives of a proposed Maryland Subclass.  Upon information and belief, the Maryland Subclass is so numerous that joinder of all members is impracticable.  King is informed and believes, and on that basis alleges, that during the Class period, Ares employed over 50 persons who satisfy the definition of the Maryland Subclass.

33.     Questions of law and fact common to the Maryland Subclass as a whole include, but are not limited to, the following:

a)     Whether Ares's policy of paying "straight time for overtime" violates the Maryland Wage and Hour Law;

b)     Whether Ares failed and continues to fail to provide accurate wage statements itemizing all actual wages earned by King and the Maryland Subclass;

c)     Whether Ares credited King and the Maryland Subclass with the overtime which they were entitled to be paid as required by the Maryland Wage and Hour Law; and

d)     Whether Ares' violated its agreement to pay overtime to non-exempt employees such as King and the Maryland Subclass.

34.     King's claims are typical of those of the Maryland Subclass.  Like all members of the Maryland Subclass, King was subject to Ares' policy and/or practice of failing to pay overtime.  King will fairly and adequately represent and protect the interests of the Maryland Subclass.

35.     King has retained counsel competent and experienced in class actions and, in particular, wage and hour cases.

36. Class certification of the Fourth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the Maryland Subclass would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Ares acted or refused to act on grounds generally applicable to the Maryland Subclass, making appropriate declaratory and injunctive relief with respect to King and the Maryland Subclass as a whole and/or pursuant to Fed. R. Civ. P. 23(b)(3) because the common issues of fact and/or law would predominate over any individual issues. King intends to send notice to all members of the Maryland Subclass to the extent required by Rule 23 at the time permitted by the Court. King will bear the initial cost of such notice but will seek reimbursement of this cost from Ares. Further, King will receive any response to such notice.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME AS REQUIRED BY THE FLSA**

37. Named Plaintiffs, on behalf of themselves and the FLSA Class, reallege and incorporate by reference paragraphs 1 through 36 as if they were set forth again herein.

38. At all relevant times, Ares has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Ares has employed "employee[s.]"

39. At all relevant times, Ares has had gross operating revenues in excess of $500,000.

40. Attached hereto are consents to sue signed by the Named Plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

41.     The FLSA requires each covered employer, such as Ares, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

42.     Named Plaintiffs and the FLSA Class worked more than forty hours a week. Ares has records which will show the amount of overtime worked by Named Plaintiffs and the FLSA Class.

43.     The FLSA Class is entitled to be paid overtime compensation for all overtime hours worked. At all relevant times, Ares, pursuant to its policies and practices, failed and refused to pay overtime premiums to the FLSA Class for their hours worked in excess of forty hours per week. By failing to compensate Named Plaintiffs and the FLSA Class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Ares has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

44.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45.     Named Plaintiffs, on behalf of themselves and the FLSA Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper. Further, Named Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek recovery of their attorneys' fees and costs of action to be paid by Ares, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
### FAILURE TO MAINTAIN RECORDS AS REQUIRED BY ERISA

46. King, on behalf of herself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 36 as if they were set forth again herein.

47. ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees. On information and belief, Ares' Health & Welfare Plan and/or Pension Plan are employee pension benefit plan(s) within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2) and/or an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

48. Pursuant to the terms of the Health & Savings Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their eligible compensation, which is defined by the Plan to include, among other things, employees' overtime wages.

49. By its failure to record the appropriate rate for all of the hours worked by the Named Plaintiffs and members of the prospective ERISA Class, Ares failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of Savings Plan participants, in violation of ERISA § 209(a)(1).

50. Pursuant to the terms of the Ares Pension Plan, employees' rights to share in the contributions to the plan are dependent, in part, on their pensionable pay, which is defined by the Plan to include base pay and overtime wages. By its failure to properly record the required rates for the overtime worked by the King and members of the prospective ERISA Class, Ares failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of Pension Plan participants, in violation of ERISA.

51. In order to remedy this violation of ERISA by Ares, King, on behalf of herself and the members of the ERISA Class, seeks injunctive relief, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). King, on behalf of herself and members of the ERISA Class, seeks recovery of attorneys' fees and costs of action to be paid by Ares, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

### THIRD CLAIM FOR RELIEF:
### FAILURE TO CREDIT SERVICE (OVERTIME PAY) AS REQUIRED BY ERISA

52. King, on behalf of herself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 36 as if they were set forth again herein.

53. Under ERISA, employee benefit plan fiduciaries must discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

54. On information and belief, the "Notices" provision of the governing instrument of the Health & Savings Plan confers on Ares discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Ares a fiduciary in that regard. On further information and belief, the governing instrument of the Pension Plan confers on Ares discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Ares a fiduciary in that regard.

55. On further information and belief, Ares has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited as eligible compensation under the Health & Savings Plan. By reason of the exercise of such discretion, Ares has been a fiduciary of that plan with respect to the crediting of compensation.

56. On further information and belief, Ares has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited by the Pension Plan as Pensionable Pay. By reason of the exercise of such discretion, Ares has been a fiduciary of that plan with respect to the crediting of compensation.

57. Ares has breached its fiduciary duties by failing to credit compensation due for overtime performed by King and the members of the ERISA Class as Eligible Compensation under the Savings Plan and Pensionable Pay under the Pension Plan. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), King on behalf of herself and all members of the ERISA Class seek an injunction requiring Ares to credit all members of the ERISA Class with eligible compensation under the Health & Savings Plan and pensionable pay under the Pension Plan for all of the past and future overtime work performed by those Class members and any such other equitable relief as this Court deems appropriate.

58. King on behalf of herself and members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by Ares, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME AS REQUIRED BY THE MARYLAND WAGE AND HOUR LAW**

59. King, on behalf of herself and the Maryland Subclass, realleges and incorporates by reference paragraphs 1 through 36 as if they were set forth again herein.

60. At all relevant times, Ares has been, and continues to be, an "employer" to whom the Maryland Wage and Hour law applies.

61. The Maryland Wage and Hour Law requires each covered employer, such as Defendant Ares, to compensate all non-exempt employees, such as King and the Maryland Subclass, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

62. At all relevant times, Ares, pursuant to its policies and practices, failed and refused to pay overtime premiums to King and the Maryland Subclass for their hours worked in excess of forty hours per week. By failing to compensate King and the Maryland Subclass at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Ares has violated, and continues to violate, the Maryland Wage and Hour Law.

63. King, on behalf of herself and the Maryland Subclass, seeks damages in the amount of their respective unpaid overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper. Further, King, on behalf of herself and the Maryland Subclass, seeks recovery of their attorneys' fees and costs of action to be paid by Ares, as provided by the Maryland Wage and Hour Law.

## FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE MARYLAND WAGE Payment and Collection Law

64. King, on behalf of herself and the Maryland Subclass, realleges and incorporates by reference paragraphs 1 through 36 as if they were set forth again herein.

65. At all relevant times, Ares has been, and continues to be, an "employer" to whom the Maryland Wage Payment and Collection Law applies.

66.     The Maryland Wage Payment and Collection Law requires each covered employer, such as Ares, to provide covered employees, such as King and the Maryland Subclass, with a statement of the wages that will be paid to them for their work.  Ares agreed to pay King and the Maryland Subclass overtime in accordance with applicable state and federal law.

67.     At all relevant times, Ares, pursuant to its policies and practices, failed and refused to pay overtime premiums to King and the Maryland Subclass for their hours worked in excess of forty hours per week.  By failing to compensate King and the Maryland Subclass at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Ares has violated, and continues to violate, the Maryland Wage Payment and Collection Law .

68.     King, on behalf of herself and the Maryland Subclass, seeks damages in the amount of their respective unpaid overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.  Further, King, on behalf of herself and the Maryland Subclass, seeks recovery of an amount not exceeding three times the unpaid wages.  Further,  King, on behalf of herself and the Maryland Subclass, seeks recovery of their attorneys' fees and costs of action to be paid by Ares, as provided by the Maryland Wage Payment and Collection Law.

**PRAYER**

Named Plaintiffs respectfully request the Court certify the proposed classes and:

    a.    Determine the damages sustained by the Plaintiffs and the FLSA Class during the FLSA Class Period as a result of the Ares' willful and intentional violations of 29 U.S.C. §207(a), and award such back pay against Ares and in favor of Plaintiffs and all members of the Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment interest as may be allowed by law;

    b.    Declare that the practices complained of herein violate ERISA § 209(a), 29 U.S.C. § 1129(a) and order appropriate equitable and injunctive relief to remedy Ares' violations of ERISA § 209(a);

    c.    Declare that Ares breached its fiduciary duties by failing to credit King and the ERISA Class with eligible compensation, as required by ERISA and the terms of the Health & Savings Plan;

    d.    Declare that Ares breached its fiduciary duties by failing to credit King and the ERISA Class with pensionable pay for all work performed, as required by ERISA and the terms of Ares Pension Plan;

    e.    Order Ares to remedy its breaches of fiduciary duty by crediting King and the ERISA Class with an appropriate amount of eligible compensation and pensionable pay for their past, present, and future overtime worked;

    f.    Determine the damages sustained by King and the members of the Maryland Subclass during the Maryland Subclass Period as a result of Ares willful and intentional violations of the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law.

    g.    Award Named Plaintiffs, the FLSA Class, the ERISA Class and the Maryland Subclass their attorneys' fees costs and disbursements of this suit, including, without limitation, accountants', investigators', and experts' fees; and

    h.    Grant Plaintiffs and the members of the Class and the D.C., Maryland and California subclasses such other and further relief, including, without limitation, injunctive relief where appropriate, as the Court may deem just and proper or that is allowed under any Federal or state law violated by the Defendants' conduct described herein.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

**EDWARDS, BURNS & KRIDER, LLP**


By:_____
    Steven A. Luxton
    D.C. Federal Bar No.: 470468
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
Phone: (410) 454-0012
Fax:    (410) 454-0146

**ATTORNEYS FOR THE PLAINTIFFS,
THE FLSA CLASS, THE ERISA CLASS
AND THE MARYLAND SUBCLASS**

**OF COUNSEL:**

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
5847 San Felipe, Suite 3900
Houston, Texas 77057
Telephone (713) 877-8788
Telecopier (713) 877-8065
rburch@brucknerburch.com