IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN KING, et al.,<br><br>     Plaintiff,<br><br>v.<br><br>ARES GROUP INC.,<br><br>     Defendant. | CIVIL ACTION NO. 1:06CV00381 (GK) |

## DEFENDANT ARES GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

COMES NOW Defendant ARES Group, Inc. ("Defendant" or "ARES"), by and through its counsel, and, pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure, states as follows for its Answer and Affirmative Defenses to Plaintiffs' Class Action and Collective Action Complaint ("Complaint"):

     1.     The allegations contained in paragraph 1 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

     2.     The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

     3.     The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.      Defendant avers that Plaintiffs were employed in the state of Maryland. Defendant denies that a substantial part of the events allegedly giving rise to the claims occurred in this District.  Upon information and belief, Defendant admits that Plaintiff Lavern King is a resident of this District.  The remainder of the allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent that a response is required, Defendant denies the remainder of the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits that Plaintiffs Lavern King and Sampson Larche purport to bring a class action and collective action complaint for monetary, declaratory and injunctive relief.  Defendant denies the remainder of the allegations contained in paragraph 5 of the Complaint.  Defendant denies that it has wronged Plaintiffs or any proposed class members and denies that Plaintiffs, or any proposed class members, are entitled to any award of damages from it.

6.      Defendant admits that it is a corporation headquartered in Alexandria, Virginia.  Defendant denies that William Moore is its registered agent in this District.  The remainder of the allegations contained in paragraph 6 of the Complaint constitute legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the remainder of the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.    Defendant avers that Plaintiff Lavern King (King) was paid an hourly wage and has worked for ARES since early 2003. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9.    Defendant avers that Plaintiff Sampson Larche (Larche) was paid an hourly wage and that ARES employed Larche from 2003 thru 2005. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.    Defendant admits that King and Larche purport to be the "Named Plaintiffs" or "Plaintiffs" in the Complaint. Defendant denies that Plaintiffs are proper representatives for purposes of either a collective action or class action.

11.    Defendant denies that the purported putative class of similarly situated employees or "FLSA Class" defined in paragraph 11 of the Complaint is a proper putative class. Defendant denies that the purported putative class members were paid in a similar fashion. Defendant denies all remaining allegations contained in paragraph 11 of the Complaint.

12.    Defendant denies that the purported putative class defined in paragraph 12 of the Complaint as "the ERISA Class" is a proper putative class. Defendant denies the remainder of the allegations contained in paragraph 12 of the Complaint.

13.    Defendant denies that the purported putative class defined in paragraph 13 of the Complaint as "the Maryland Subclasss" is a proper putative class. Defendant denies the remainder of the allegations contained in paragraph 13 of the Complaint.

14.    Defendant admits the allegations in paragraph 14 of the Complaint.

15.     Defendant admits that it employed Plaintiffs.  Defendant denies the remainder of the allegations contained in paragraph 15.

16.     Defendant admits that it paid Plaintiffs an hourly wage.  Defendant denies the remainder of the allegations contained in paragraph 16.

17.     Defendant avers that Plaintiffs occasionally worked more than forty hours in a workweek.  Defendant denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits that it keeps records of the hours worked for employees who are paid an hourly wage.  Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant avers that it pays its nonexempt employees overtime in accordance with the Fair Labor Standards Act and the Maryland Wage and Hour Law. Defendant denies the remainder of the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.    The allegations contained in paragraph 25 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.    Defendant admits that King seeks to bring the Second and Third Claims for Relief for violations of ERISA as a nationwide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or b(2).  Defendant denies that King can satisfy the requirements to be the representative of the purported putative class.   Defendant denies the remaining allegations contained in paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 30 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.    Defendant admits that King seeks to send notice to the purported class defined as the ERISA Class. The remainder of the allegations contained in paragraph 31 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent that a response is required, Defendant denies the remainder of the allegations contained in paragraph 31 of the Complaint.

32.    Defendant admits that King seeks to bring the Fourth and Fifth Claims for Relief for violations of Maryland state law as a statewide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or b(2). Defendant denies that King can satisfy the requirements to be the representative of the purported putative class. Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 35 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.    Defendant admits that King seeks to send notice to the purported class defined as the Maryland Subclass.  The remainder of the allegations contained in paragraph 36 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent that a response is required, Defendant denies the remainder of the allegations contained in paragraph 36 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME AS REQUIRED BY THE FLSA**

37.    Defendant repeats and incorporates its responses to paragraphs 1 through 36 as if fully set forth herein.

38.    The allegations contained in paragraph 38 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.    Defendant admits the allegations contained in paragraph 39 of the Complaint.

40.    Defendant admits that attached to the Complaint are Notices of Consent purported to be signed by King and Larche.  Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in paragraph 40.  To the extent a response is required to the remainder of paragraph 40, Defendant denies the allegations.

41.    The allegations contained in paragraph 41 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required to paragraph 41, Defendant denies the allegations.

42.     Defendant avers that it maintains records in accordance with the Fair Labor Standards Act. Defendant denies the remainder of the allegations contained in paragraph 42 of the Complaint.

43.     The allegations contained in paragraph 43 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required to paragraph 43, Defendant denies the allegations.

44.     The allegations contained in paragraph 44 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required to paragraph 44, Defendant denies the allegations.

45.     The allegations contained in paragraph 45 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required to paragraph 45, Defendant denies the allegations. Defendant denies that Plaintiffs and the purported putative class are entitled to any of the relief requested in paragraph 45.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO MAINTAIN RECORDS AS REQUIRED BY ERISA

46.     Defendant repeats and incorporates its responses to paragraphs 1 through 45 as if fully set forth herein.

47.     The allegations contained in paragraph 47 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required to paragraph 47, Defendant denies the allegations.

48.    Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.    Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.    Defendant denies the allegations contained in paragraph 51 of the Complaint.  Defendant denies that it has wronged Plaintiff King or any purported putative class members.  Defendant denies that Plaintiff King and the purported putative class members are entitled to any of the relief requested in paragraph 51.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO CREDIT SERVICE (OVERTIME PAY) AS REQUIRED BY ERISA

52.    Defendant repeats and incorporates its responses to paragraphs 1 through 51 as if fully set forth herein.

53.    The allegations contained in paragraph 53 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required to paragraph 53, Defendant denies the allegations.

54.    Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.    Defendant denies the allegations contained in the first sentence of paragraph 57 of the Complaint.  Defendant denies that it has wronged Plaintiff King or the purported putative class members.  Defendant denies that Plaintiff King and the purported putative class members are entitled to any of the relief requested in paragraph 57.

58.    Defendant denies that Plaintiff King and the purported class members are entitled to any of the relief requested in paragraph 58.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME AS REQUIRED BY THE MARYLAND WAGE AND HOUR LAW

59.    Defendant repeats and incorporates its responses to paragraphs 1 through 58 as if fully set forth herein.

60.    The allegations contained in paragraph 60 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required to paragraph 60, Defendant denies the allegations.

61.    The allegations contained in paragraph 61 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required to paragraph 61, Defendant denies the allegations.

62.    Defendant denies the allegations contained in the first sentence of paragraph 62 of the Complaint.  The remainder of the allegations contained in paragraph 62 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To

the extent a response is required to the remainder of the allegations contained in paragraph 62, Defendant denies the allegations.

63.    Defendant denies that Plaintiff King and the purported class members are entitled to any of the relief requested in paragraph 63.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE MARYLAND WAGE PAYMENT
## AND COLLECTION LAW

64.    Defendant repeats and incorporates its responses to paragraphs 1 through 63 as if fully set forth herein.

65.    The allegations contained in paragraph 65 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required to paragraph 65, Defendant denies the allegations.

66.    The allegations contained in paragraph 66 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required to paragraph 66, Defendant denies the allegations.

67.    Defendant denies the allegations contained in the first sentence of paragraph 67 of the Complaint.   The reminder of the allegations contained in paragraph 67 of the Complaint constitute legal conclusions to which no response is required from Defendant.  To the extent a response is required to the remainder of the allegations contained in paragraph 67, Defendant denies the allegations.

68.    Defendant denies that Plaintiff King and the purported putative class members are entitled to any of the relief requested in paragraph 68.

69.    Defendant specifically denies that it wronged Plaintiff King and the purported putative class members in any manner whatsoever and further denies that Plaintiff King and the purported putative class members are entitled to any award of relief, whether consisting of back pay, liquidated damages, prejudgment interest, attorneys' fees and costs, and/or any other legal or equitable or injunctive relief from Defendant.

70.    Each and every allegation concerning purported wrongful conduct allegedly committed by Defendant against Plaintiffs or a purported putative class is expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiffs' Complaint fails to state any claim upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, to the extent they are untimely under the applicable statutes of limitations.

3.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches in that Plaintiffs unreasonably delayed in asserting their claims and Defendant has been prejudiced by Plaintiffs' delay.

4.    Plaintiffs are not similarly situated to each other, to the proposed putative class members or to any other person or persons for purposes of 29 U.S.C.A. § 216(b).

5.    Plaintiffs cannot satisfy the requirements for a collective action under the Fair Labor Standards Act.

6.     Plaintiffs cannot satisfy the requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure.

7.     Defendant has not violated the Fair Labor Standards Act in any respect.

8.     Neither Plaintiffs nor any purported putative class member performed any uncompensated work.

9.     Defendant has not violated the Employee Retirement Income Security Act in any respect.

10.     Defendant has not violated the Maryland Wage and Hour Law in any respect.

11.     Defendant has not violated the Maryland Wage Payment and Collection Law in any respect.

12.     Plaintiffs and other proposed putative class members are not entitled to recover liquidated damages because Defendant at all times acted in good faith and with reasonable grounds for believing that it had not violated the Fair Labor Standards Act.

13.     Plaintiffs' claims are barred, in whole or in part, because Defendant did not willfully deprive any persons who allegedly worked overtime any wages to which they were entitled under the Fair Labor Standards Act.

14.     Plaintiffs' claims are barred, in whole or in part, because Defendant's actions, at all times, were not willful or intentional violations of the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law.

15.    Defendant has not violated any laws with respect to Plaintiff.

16.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

17.    Defendant did not wrong Plaintiffs or any purported putative class members as defined in the Complaint.

18.    Venue is improper in this jurisdiction.

19.    Defendant is not indebted to Plaintiffs or any purported putative class member as alleged in their Complaint.

20.    Any damages that Plaintiffs (or a purported putative class member) could recover must be eliminated or reduced by Plaintiffs' and any purported class members' failure to mitigate damages.

21.    Neither Plaintiffs nor any proposed putative class can assert a claim to which they are entitled to any relief requested in this Complaint, including, but not limited to, back pay, liquidated damages, prejudgment interest, attorneys' fees and costs, and/or any other legal or equitable or injunctive relief.

22.    Defendant reserves the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered and responded to Plaintiffs' Complaint, Defendant ARES Group, Inc. prays that Plaintiffs and any purported putative class take nothing by this Complaint, and that this Court dismiss Plaintiffs' Complaint with prejudice, render judgment in

its favor, award it the costs and attorneys' fees incurred in this matter, and award it such other

and further relief as this Court deems just and proper.

Dated: April 17, 2006                    Respectfully submitted,

                                        By: _____
                                            Alison N. Davis
                                            D.C. Bar No. 429700

                                            FORD & HARRISON LLP
                                            1300 19th Street, N.W., Suite 700
                                            Washington, DC  20036
                                            (202) 719-2000

                                            Attorneys for Defendant ARES Group Incorporated

## CERTIFICATE OF SERVICE

The undersigned, Alison N. Davis, hereby certifies that she served a copy of the

foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO**

**PLAINTIFF'S CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** to the

following counsel of record via electronic court filing on April 17, 2006:

        Steven A. Luxton
        201 North Charles Street, Suite 1402
        Baltimore, MD  21201

        Richard J. (Rex) Burch
        Bruckner Burch PLLC
        5847 San Felipe, Suite 3900
        Houston, TX  77057
        rburch@brucknerburch.com

                            _____
                                Alison N. Davis

DC:59900.1