UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN KING<br>4017 WAHLER CT, S.E.<br>WASHINGTON, DC 20032<br><br>AND<br><br>SAMPSON LARCHE<br>11362 BAROQUE ROAD<br>SILVER SPRINGS, MD 20901<br><br>INDIVIDUALLY AND ON BEHALF OF ALL<br>OTHERS SIMILARLY SITUATED,<br><br>          *Plaintiffs*,<br><br>v.<br><br>ARES GROUP INCORPORATED<br>8625 ENGLESIDE OFFICE PARK<br>ALEXANDRIA, VA 22309<br><br>          *Defendant*. | CIVIL ACTION NO. 06-381 (GK)<br><br>NEXT EVENT:<br>INITIAL SCHEDULING CONFERENCE<br>MAY 5, 2006<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## JOINT MEET AND CONFER STATEMENT

(1)    **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

        No dispositive motion is pending. The case is likely to be resolved via cross dispositive motions once discovery is completed.

(2)    **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

        The parties believe a pleading deadline of September 1, 2006 is appropriate. The parties

believe they may be able to agree with respect to certain ERISA issues.

(3) **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties believe the Magistrate Judge would be appropriately used for addressing discovery matters and prefer to try the case to the District Judge.

(4) **Whether there is a realistic possibility of settling the case.**

The parties believe there is a realistic chance of settlement.

(5) **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

    (i) the client's goals in bringing or defending the litigation;

    (ii) whether settlement talks have already occurred and, if so, why they did
not produce an agreement;

    (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

    (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information;

    and

    (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

    (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
    (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR
process is pending.

The parties believe an early conference with a Settlement Judge would be appropriate and would aid the parties in resolving this matter. The parties do not believe a discovery stay is appropriate at this time.

(6) **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe the case can be resolved via cross dispositive motions and propose filing their dispositive motions 30 days after the close of discovery.

(7) **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties will make initial disclosures on or before May 19, 2006.

(8) **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties believe discovery should proceed in accordance with the Federal Rules of Civil Procedure and should be completed by December 1, 2006.

(9) **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties will exchange expert reports in accordance with the Federal Rules of Civil Procedure and will take expert depositions prior to the close of discovery.

(10) **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Class certification discovery can be completed by August 4, 2006.

Plaintiffs will file for class certification by September 1, 2006.

Defendant will respond by September 15, 2006.

Plaintiffs will reply by September 22, 2006.

The parties propose oral argument be heard on October 23, 2006.

The parties propose a decision be made on class certification by November 23, 2006.

(11) **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

No bifurcation is necessary.

(12) **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

May 4, 2007.

(13) **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties prefer the Court set a trial date at the pretrial conference.

(14) **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

Respectfully submitted,

EDWARDS, BURNS & KRIDER, LLP

By: _____/s/_____
Steven A. Luxton
D.C. Federal Bar No.: 470468
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
Phone: (410) 454-0012
Fax:   (410) 454-0146

ATTORNEYS FOR THE PLAINTIFFS,
THE FLSA CLASS, THE ERISA CLASS
AND THE MARYLAND SUBCLASS

**OF COUNSEL:**

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
5847 San Felipe, Suite 3900
Houston, Texas 77057
Telephone (713) 877-8788
Telecopier (713) 877-8065
rburch@brucknerburch.com

By: _____/s/_____
    Alison N. Davis
    D.C. Bar No. 429700
    FORD & HARRISON LLP
    1300 19th Street, N.W., Suite 700
    Washington, DC  20036
    (202) 719-2000

    Attorney for Defendant ARES Group
    Incorporated