IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN KING, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ARES GROUP INCORPORATED, <br><br> Defendant. | CIVIL ACTION NO. 06-381(GK/JF) |

**CONSENT MEMORANDUM IN SUPPORT OF SETTLEMENT AGREEMENT**

Plaintiffs Lavern King and Sampson Larche (collectively, Plaintiffs) respectfully submit this Memorandum in Support of the Settlement Agreement entered into by the parties:

"Ordinarily there [is] no need" for a court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir.1986). However, this case involves claims for unpaid overtime brought pursuant to the Fair Labor Standards Act (FLSA) which is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Id.* Because the FLSA "makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay." *Id.* "Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id., citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982).

Instead, most courts recognize only two valid ways by which an individual can release or settle a FLSA claim: 1) a DOL-supervised settlement under 29 U.S.C. § 216(c), or 2) a court-

approved stipulation of settlement.  *Lynn's Food Stores,* 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as res judicata to bar a federal FLSA suit).  Settlements in the context of litigation, where there are bona fide issues are in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are to be approved by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Foods*, 679 F.2d at 1354.

While the parties have decidedly different views of the merits of this case, the parties agree the settlement is fair, reasonable and represents a reasonable compromise of the disputed issues in this case.  For example, the presumptive statute of limitations for FLSA claims is two years.  29 U.S.C. § 255(a).  The statute is only extended to three years upon a showing that the employer's violation of the FLSA was "willful."  *Id.*  Therefore, absent proof of willfulness, FLSA plaintiffs may only recover two years' worth of unpaid wages and damages.  *Id.*

Under the terms of the Settlement, each plaintiff is receiving twice the amount of their unpaid wages for the two year period.  Indeed, even if the three year statute of limitations for willful violations is used, Plaintiffs are recovering over 1.5 times their maximum back pay recovery.  Significantly, these calculations are based on Plaintiffs *net recovery* after the deduction for attorney's fees and expenses.

Further, while the FLSA permits employees to recover an amount equal to their unpaid wages as liquidated damages, these damages are not absolute.  Instead, an employer can avoid liquidated damages by establishing the good faith defense provided for in 29 U.S.C. § 260.  Nonetheless, Plaintiffs are recovering 100% of their maximum two-year award (two years' back pay plus liquidated damages) and 84.2% of their maximum FLSA award (three years' back pay

plus liquidated damages).  Again, the figures are based on Plaintiffs' *net recovery* **after** the deduction for attorney's fees and expenses.

Finally, as the Court is aware from the Professional Services Agreements (PSA) provided to the Court, Plaintiffs retained their counsel on a contingency fee basis.  Under the terms of the PSA, Plaintiffs' counsel will receive 40% of the gross amounts recovered plus reimbursement for all costs and "out-of-pocket" expenses (such as transportation, lodging, long distance phone calls and faxes).  The payments are being made in strict accordance with the PSA and, as evidenced by the signatures on the Agreement, have been approved by Plaintiffs.  Nonetheless, even after paying their attorneys per the PSA, Plaintiffs are recovering nearly 85% of their *maximum* FLSA award.

On September 15, 2006, Plaintiffs' counsel sought the consent of counsel for Defendant ARES Group Incorporated (ARES) to the filing of this memorandum.  ARES does not object and concurs that this settlement is fair and reasonable.

WHEREFORE, Plaintiffs respectfully request that the Court approve the proposed settlement as fair and reasonable.  A proposed Order is attached hereto.

Dated: September 15, 2006

Respectfully submitted,


By: **Steven A. Luxton**
    Steven A. Luxton
    D.C. Bar No. 470468
    EDWARDS, BURNS & KRIDER, LLP
    201 North Charles Street, Suite 1402
    Baltimore, MD   21201

    Richard J. (Rex) Burch
    *Pro Hac Vice*
    BRUCKNER BURCH PLLC
    5847 San Felipe, Suite 3900
    Houston, TX  77057
    (713) 877-8788
    rburch@brucknerburch.com

    Attorneys for Plaintiffs LAVERN KING and
    SAMPSON LARCHE

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on all counsel of record in accordance with the applicable rules.

    **Steven A. Luxton**
    _____
    Steven A. Luxton